**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| AMIRUDDIN GILLANI, an Individual, ) | |
| ASIF RAZZAQ, an Individual, ) | |
| NADIRSHAH RATTANI, an Individual, ) | |
| SMART DEAL OF DADE CITY, LLC, a Florida ) | CIVIL ACTION NO. |
| Limited Liability Co., d/b/a STAR MEAT ) | |
| & FOOD MART, ) | 8:17 cv 825 T 27 AEp |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## <u>COMPLAINT</u>

The Plaintiffs, ASIF RAZZAQ, an Individual, NADIRSHAH RATTANI, an Individual, AMIRUDDIN GILLANI, an Individual, and SMART DEAL OF DADE CITY, LLC, a Florida Limited Liability Co., D/B/A STAR MEAT & FOOD MART, by and through their undersigned counsel and hereby sue the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

<u>FACTUAL BACKGROUND</u>

1.  The Plaintiff owns and operates a retail store in Dade City, Florida, named Smart Deal of Dade City, L.L.C., a Florida Limited Liability Co. d/b/a Star Meat & Food Mart. The store was comprised of a commercial storefront, the vast majority of which was dedicated to retail sales of retail food market, focusing mostly on meat and convenience groceries and would be more properly qualified as a small, independent grocer. Furthermore, the store featured custom ordered meats and it specialized in serving the



grocery needs of the surrounding residential neighborhoods (hereinafter **"Star Meat & Food"**).

2.  Located in Florida's 12th Congressional District, Star Meat & Food served a community where an estimated 17.8% of the local residents are below the poverty level[1]. Roughly there are 34.5% of the households with one or more people 60 years and over, and 47.1% with children under 18 years of age in the 12th Congressional District who are participants in the Supplemental Nutrition Assistance Program[2], formerly known as Food Stamps, which is overseen by the Food & Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA").

3.  Accordingly, Star Meat & Food began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community.  As a result, Star Meat & Food grew its SNAP participant customer base to a substantial share of the store's total clientele. EBT transactions at Star Meat & Food accounted for a substantial portion of the store's gross revenue, though the SNAP clientele accounted for an even larger portion of the gross revenue (the difference being found in non-SNAP related purchases).

4.  Since the store began accepting food stamps/EBT, Star Meat & Food never once received a warning letter, disciplinary action, or any other correspondence from the United States Department of Agriculture which would indicate that the store was somehow improperly accepting benefits or otherwise operating the program incorrectly.

---

[1] *According to the United States Census Bureau's Fact Finder, American Community Survey 5-Year Estimates, 2014.*
[2] See USDA Publication of January 2017, Profile of SNAP Households: Florida Congressional District 12.

5. Nevertheless, on December 22, 2016, the USDA, through the FNS, the store was charged by the Defendant with selling ineligible items which resulted in a six (6) month suspension of their license.

6. The Plaintiffs vehemently denied and defended against the Charging Letter, but on January 18, 2017, were disqualified for a period of six (6) months from SNAP.

7. Accordingly, the Plaintiffs filed an Administrative Review as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position. The Plaintiffs took issue not only with the disqualification process, but also with the comparative lack of direct evidence that any violations of SNAP retailer policies had occurred.

8. The Administrative Review Division of the USDA responded to the Plaintiffs' appeal in a letter and opinion dated March 27, 2017, and received on March 28, 2017. The Plaintiffs' appeal was denied. A copy of the letter and opinion dated March 27, 2017 are attached hereto as **Exhibit "A"**.

9. This Judicial Appeal has been filed, timely, to seek the reversal of the USDA's current decision to disqualify the Plaintiffs for six (6) months from participating as a SNAP retailer.

## JURISDICTION AND VENUE

10. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

11. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7. Furthermore, 28 U.S.C.

§1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

12. Venue is appropriate in this District pursuant to 7 C.F.R. §279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs' business was owned and operated in Dade City, Pasco County, Florida, and because the facts giving rise the circumstances herein occurred in the Middle District of Florida.

## PARTIES

13. The Plaintiff, ASIF RAZZAQ, an Individual, is a natural person and a resident of Tampa, Florida, and is the owner of Star Meat & Food. Mr. Razzaq is referred to collectively with the other Plaintiffs as "**Star Meat & Food**" herein.

14. The Plaintiff, NADIRSHAH RATTANI, an Individual, is a natural person and a resident of Tampa, Florida, and is the owner of Star Meat & Food. Mr. Rattani is referred to collectively with the other Plaintiffs as "**Star Meat & Food**" herein

15. The Plaintiff, AMIRUDDIN GILLANI, an Individual, is a natural person and a resident of Tampa, Florida, and is the owner of Star Meat & Food. Mr. Gillani is referred to collectively with the other Plaintiffs as "**Star Meat & Food**" herein.

16. The Plaintiff, SMART DEAL OF DADE CITY, L.L.C., a Florida Limited Liability Company d/b/a STAR MEAT & FOOD MART, operates at 14113 US Highway 98 Bypass, Dade City, FL 33525. Star Meat & Food Mart is referred to herein with the other Plaintiffs collectively as "**Star Meat & Food.**"

17. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service.

**GENERAL ALLEGATIONS**

18. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

19. The general purpose of the SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements.   SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household.  These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

20. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailer, such as Star Meat & Food.

**SNAP VIOLATION REGULATIONS AND POLICIES**

21. In turn, SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6 which in pertinent part permits the disqualification or suspension of retailers who violate SNAP regulations and defines what those violations are.  In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

   a. "Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management." 7 U.S.C. §278.6(5) (2009)

     b.  "Double the appropriate period of disqualification prescribed in paragraphs (e) (2) through (5) of this section as warranted by the evidence of violations if the same firm has once before been assigned a sanction." 7 U.S.C. §278.6(6).

22. The Defendant's internal policy qualifies **inadvertent** SNAP violations as: "the sale of one or two inexpensive marginal or common nonfood items in one or two transactions" resulting from an investigation. The guidelines do not discuss how many visits in which these one or two transactions should occur, and could presumably be as many visits as an investigator wants to make. The internal guidance does not take into consideration misidentification of items during sale.

23. The Defendant's internal policy qualifies **careless** SNAP violations as "the sale of a total of three inexpensive nonfood items over one, two or three transactions, meaning that the owner or management was not thorough in supervising personnel of the firm." The policy does not speak to the repeated sale of the same item, nor does it speak to misidentifications during sales transactions.

24. The Defendant's internal policy guidance pertaining to alleged violations in this area is to "send the firm a warning letter if the investigation contains only one or two sales of common ineligible items."

25. In this instant action, the Defendant has alleged that the Plaintiffs committed transactions which amount to the selling ineligible common non-food items in EBT transactions. Such allegations were based upon unsworn statements of an investigative aide, and relayed to the department through a sworn statement from an investigator stating largely that the investigative aides alleged violations. These are

attached hereto as **Exhibit "B"**.  More particularly, the specific allegations are as follow[3]:

a.  On October 8, 2015, the Investigator placed all items on the counter and made general conversation with clerk, attempting to establish him/herself as a neighborhood resident.  This investigator purchased eligible items and left the store.

b.  On November 6, 2015, Aide placed all items on the counter and made general conversation with clerk.  Clerk rang up all items, accepted EBT card and sold aide all items [1100 sheet roll Scott bathroom tissue and 4 oz bar Dove soap].

c.  On November 10, 2015, Aide placed all items on the counter and made general conversation with clerk.  Clerk rang up all items, noticed EBT card, separate the non-food items and refused to sell them with SNAP purchase.

d.  On January 6, 2016, Aide placed all items on the counter and made general conversation with clerk.  Clerk rang up all items, accepted EBT card and sold aide all items as a SNAP purchase without any comments about the sale. [24 ct. box Hy-Top forks and S.O.S. all surface scrubber sponge]

e.  On January 13, 2016, Aide placed all items on the counter and made general conversation with clerk.  Clerk rang up all items, noticed EBT card and told aide he cannot sell the non-food items to him/her today.

f.  On March 17, 2016, Aide placed all items on the counter and made general conversation with clerk.  Clerk rang up the items, accepted EBT card and sold

---

[3] This is not intended to be an admission of the existence or veracity of such alleged transactions, nor does the Plaintiff acknowledge that any of these allegations contain admissible evidence.  To the contrary, the Plaintiffs believe that these allegations are hearsay, and to some extent, contain hearsay within hearsay and are inadmissible as such.

aide all items as SNAP purchase without any comments about the sale. [4 oz bar Dove soap and 24 ct. box Hy-Top spoons, forks & knives]

   g.  On April 15, 2016, Aide placed all items on the counter and made general conversation with clerk.  Clerk rang up all items, noticed EBT card, separated the non-food items and refused to sell them with SNAP purchase.

26. In all, the Charging Letter claims that the Plaintiff allegedly sold 6 different items[4] to the Investigative Aide: (1) 1100 sht roll Scott bathroom tissue, (2) two 4 oz bar Dove soap, (3) two 24 ct. box Hy-Top forks, and (4) S.O.S. all surface scrubber sponge.

## ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES

27. With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a civil money penalty.  As noted by the District of Oregon in the case *Plaid Pantry Stores, Inc. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

## COUNT I: REQUEST FOR JUDICIAL REVIEW

28. The Plaintiffs incorporate and restate each and every paragraph set forth above as though fully set forth herein.

29. The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 have the right to, and hereby do, request a *de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiffs.

---

[4] Though on different occasions.

30. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiffs had committed SNAP regulation violations as a result of accepting SNAP benefits in exchange for "common ineligible non-food items."

31. As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

32. Therefore, the six (6) month disqualification against the Plaintiffs should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiffs' status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiffs, ASIF RAZZAQ, an Individual, NADIRSHAH RATTANI, an Individual, AMIRUDDIN GILLANI, an Individual, and SMART DEAL OF DADE CITY, L.L.C., a Florida Limited Liability Co., D/B/A STAR MEAT & FOOD MART, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiffs, and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiffs for six (6) months, as well as awarding the Plaintiffs the costs incurred in this action.

## COUNT II: ARBITRARY AND CAPRICIOUS SANCTION

33. The Plaintiffs hereby incorporate and restate paragraphs 1-27 as if fully set forth herein, though specifically exclude any aforementioned prayer for relief, limiting such incorporation only to the allegation of facts.

34. The Defendant, has issued a series of internal policies which in pertinent part are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

35. The Defendant, has issued a series of internal policies which in pertinent part are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

36. The policies themselves draw arbitrary lines between numbers of ineligible items and transactions which fail to take into consideration the volume of visits done by an investigator or a confidential informant.

37. In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness which would indicate a failure at the managerial level to supervise employees.

38. As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record indicating a staunch refusal to sell ineligible items and traffick in SNAP benefits, the Defendant's internal policies required a letter to be issued rather than a suspension.

**WHEREFORE,** the Plaintiffs, ASIF RAZZAQ, an Individual, NADIRSHAH RATTANI, an Individual, AMIRUDDIN GILLANI, an Individual, and SMART DEAL OF DADE CITY, L.L.C., a Florida Limited Liability Co., D/B/A STAR MEAT & FOOD MART, respectfully request this Court set aside the Defendant's suspension of the store from participating in the SNAP program, and award the Plaintiffs their costs incurred in this action.

**COUNT III: JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY**

39. The Plaintiffs hereby incorporate and restate paragraphs 1-27 as if fully set forth herein, though specifically exclude any aforementioned prayer for relief, limiting such incorporation only to the allegation of facts.

40. The Plaintiff timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification as the impact on the local community would be significant in the absence of the store's ability to accept EBT.

41. The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

42. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to independently evaluate the evidence.  See *Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

43. As such, the Plaintiffs request this Court review the Plaintiffs' request for the issuance of a hardship civil money penalty as permitted by law, and to issue said penalty if it is found to be appropriate in lieu of any sanction resulting from the Court's decision in Count I of this Complaint.

**WHEREFORE**, the Plaintiffs, ASIF RAZZAQ, an Individual, NADIRSHAH RATTANI, an Individual, AMIRUDDIN GILLANI, an Individual, and SMART DEAL OF DADE CITY, L.L.C., a Florida Limited Liability Co., D/B/A STAR MEAT & FOOD MART, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty, and instead instruct it to issue such penalty in the event a suspension is upheld under Count I.

This matter has been respectfully submitted to the Court by the undersigned attorney, and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: April 7th, 2017

Respectfully submitted,

*Andrew Z. Tapp*

Andrew Z. Tapp, Esquire
Florida Bar Number: 68002
Metropolitan Law Group, PPC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.legal
Lajeana@Metropolitan.legal